[Cite as *Sammour v. Ohio Dept. of Job & Family Servs.*, 2023-Ohio-2843.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| IBRAHIM SAMMOUR | Case No. 2022-00681JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Scott Sheets |
| v. | <u>ENTRY GRANTING DEFENDANT'S</u> |
| OHIO DEPARTMENT OF JOB AND<br>FAMILY SERVICES | <u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Before the Court is Defendant's Motion for Summary Judgment, to which Plaintiff did not respond. For the following reasons, Defendant's Motion is GRANTED.

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which

demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶**3**} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶**4**} Plaintiff, who is self-represented, alleges defendant unlawfully delayed payment of his unemployment benefits before paying the benefits in "incorrect amounts." Complaint ¶ 12. Plaintiff alleges that Defendant's actions led to his bankruptcy and eviction, as well as his family being placed in jeopardy. He seeks $5 million in damages. Complaint ¶¶ 13-14.

{¶**5**} In support of its motion for summary judgment, Defendant submitted the affidavit of Tonya Reese, who it employs as a Claims Specialist. Ms. Reese's affidavit establishes that Plaintiff "filed several applications for unemployment benefits in 2021." Exhibit A, Affidavit of Tonya Reese, ¶ 4. Initially, Defendant denied Plaintiff's claim. This denial resulted in plaintiff's subsequent employment applications being "adjudicated and denied as 'previously denied.'" *Id.* ¶ 5. Thus, "[a] system issue combined with the several claims and the initial denial by the employer filed by the Plaintiff resulted in a delay of benefits being paid." *Id.* ¶ 9. However, Defendant eventually resolved all issues and paid unemployment benefits in the correct amount to plaintiff. *Id.* ¶¶ 7-8; 10. While his claims were pending, Plaintiff sought updates from Defendant via several phone calls. *Id.* ¶¶ 2-3; Ex. B thereto. The above facts are not disputed.

{¶**6**} Defendant asserts that it performed a public duty in reviewing and paying Plaintiff's unemployment claims and, therefore, that it is entitled to public duty immunity. "Generally, the state is 'immune from liability in any civil action or proceeding involving

the performance or nonperformance of a public duty.'" *Lawrence v. Meridian Senior Living, L.L.C.,* 2016-Ohio-8500, 79 N.E.3d 1158, ¶ 8 (10th Dist.), quoting R.C. 2743.02(A)(3)(a).  As defined in R.C. 2743.01(E)(1), "'[p]ublic duty' includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following: (a) Permitting, certifying, licensing, inspecting, investigating, supervising, regulating, auditing, monitoring, law enforcement, or emergency response activity * * *."

{¶7} However, the state is not immune from liability when a "special relationship" exists between the state and the injured party.  R.C. 2743.02(A)(3)(b).  A plaintiff demonstrates a special relationship by proving "all of the following elements exist: (i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured; (ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm; (iii) Some form of direct contact between the state's agents and the injured party; (iv) The injured party's justifiable reliance on the state's affirmative undertaking."  R.C. 2743.02(A)(3)(b).

{¶8} The Court finds Plaintiff seeks recovery for Defendant's performance of a public duty and, therefore, that Defendant is entitled to immunity.  Pursuant to R.C. 4141.13(A)(10), Defendant has a statutory duty to "[r]eceive, hear, and decide claims for unemployment benefits, and provide for the payment of such claims as are allowed."  In addition, R.C. 4141.13(A)(18) authorizes Defendant to "[m]ake such investigations * * * as the director deems necessary or appropriate to facilitate the administration of the unemployment compensation law."  Thus, in considering and/or paying unemployment claims, Defendant conducts investigations.  Furthermore, Defendant hears and considers unemployment claims as part of its general statutory duty under R.C. 4141.13 to supervise, regulate, and/or monitor the state's unemployment compensation system.  R.C. 2743.01(E)(1) specifically designates these actions as public duties.  *See also Sammour v. Indus. Comm. of Ohio*, Ct. of Cl. No. 2021-00586JD (Jan. 5, 2022) (hearing and deciding workers' compensation claims is a public duty which immunity applies).

{¶9} Thus, Defendant owes its various duties, including considering and paying unemployment claims, to the general public rather than any particular individual.  *See*

*Estate of Tokes v. Dept. of Rehab. & Corr.*, 2019-Ohio-1794, 135 N.E.3d 1200, ¶ 36 (10th Dist.), quoting *Hurst v. Dept. of Rehab. & Corr.*, 72 Ohio St.3d 325, 329, 650 N.E.2d 104 (1995) ("The [public duty] rule 'is used to determine the first element of negligence, the existence of a duty on the part of the state. If the duty owed is general in nature, the wrong created by its breach is to the public in general and, therefore, not individually actionable.'"). Accordingly, pursuant to R.C. 2743.02(A)(3)(a), Defendant is immune from liability in any civil action involving the performance or nonperformance of this public duty.

{¶10} Moreover, there is no evidence that Defendant had any special relationship with Plaintiff. In processing Plaintiff's unemployment benefits claim, Defendant did not assume any duty to act on Plaintiff's specific behalf because a special relationship requires that the state "do more than adhere to its statutory duty." *Commerce & Indus. Ins. Co. v. City of Toledo*, 45 Ohio St.3d 96, 101, 543 N.E.2d 1188 (1989). Rather, the state "must voluntarily assume some additional duty." *Id.* As R.C. 4141.13(A)(10) requires with any unemployment claim, Defendant investigated Plaintiff's claim as a neutral agent of the state. Therefore, as no special relationship existed, Defendant retains immunity from Plaintiff's claims.

{¶11} Defendant has met its burden on summary judgment. There are no genuine issues of material fact. After a delay in processing, Defendant eventually paid Plaintiff the correct amount of unemployment benefits. Moreover, as Defendant heard, considered, and investigated plaintiff's claim pursuant to its statutory obligations and no special relationship existed, Defendant is immune and is entitled to judgment as a matter of law.

{¶12} For these reasons, Defendant's Motion for Summary Judgment is GRANTED. Court costs are assessed against Plaintiff. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed July 7, 2023**
**Sent to S.C. Reporter 8/15/23**